UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:25-CV-00154-GNS

YARISLEIDY SUAREZ RODRIGUEZ                                                                         PLAINTIFF

v.

SAFECO INSURANCE COMPANY OF AMERICA                                                         DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand (DN 10) and Defendant's Motion to Dismiss (DN 12). The motions are ripe for adjudication.

**I.     STATEMENT OF FACTS AND CLAIMS**

After Plaintiff Yarisleidy Suarez Rodriguez ("Rodriguez") was involved in a car accident, she filed a claim for underinsured motorist ("UIM") benefits with Defendant Safeco Insurance Company of Illinois ("Safeco"),[1] which Safeco denied. (Compl. 1-2, DN 1-2). Rodriguez alleges that she held an automobile insurance policy issued by Safeco ("the Policy") at the time of the accident and that the Policy "previously and as to Plaintiff's belief" included UIM coverage. (Compl. ¶ 9).

Rodriguez filed suit in Jefferson Circuit Court (Kentucky), which Safeco removed to federal court. (Notice Removal, DN 1). In the Complaint, Rodriguez asserts four claims against Safeco: insurance fraud; violation of the Kentucky Unfair Claims Settlement Practices Act

---

[1] Safeco Insurance Company of Illinois asserts that it is the proper defendant because it issued the relevant insurance policy, not Safeco Insurance Company of America. (Def.'s Mot. Dismiss 1 n.1). To the extent necessary, Safeco Insurance Company of America adopts, incorporates, and restates all statements by Safeco Insurance Company of Illinois in its motion to dismiss. (Def.'s Mot. Dismiss 1 n.1).

1

("KUCSPA"); fraud; and deprivation of unpaid UIM benefits. (Compl. ¶¶ 11-30). Rodriguez now moves to remand, and Safeco moves to dismiss. (Pl.'s Mot. Remand, DN 10; Def.'s Mot. Dismiss, DN 12).

## II.  DISCUSSION

### A.  Motion to Remand

"[A] district court must remand a removed case if it appears that the district court lacks subject matter jurisdiction." *Schilmiller v. Medtronic, Inc.*, 44 F. Supp. 3d 721, 724 (W.D. Ky. 2014) (citing *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 913 (6th Cir. 2007)). District courts have jurisdiction over "any civil action brought in a State court of which the district courts of the United States have original jurisdiction" that is "removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). District courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . the citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).

"Where a plaintiff claims an unspecified amount in damages, a defendant seeking removal under diversity jurisdiction must demonstrate by a preponderance of the evidence that the amount in controversy exceeds the statutory threshold." *Naji v. Lincoln*, 665 F. App'x 397, 400 (6th Cir. 2016) (citing 28 U.S.C. § 1446(c)(2)(B) (2012); *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010)). Whether a district court has subject matter jurisdiction over a case is determined at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000).

In this instance, diversity of citizenship exists; Rodriguez is a citizen of Kentucky and Safeco is a citizen of New Hampshire and Illinois. (Pl.'s Mot. Remand 5, DN 10; Compl. ¶ 2;

Notice Removal ¶ 15, DN 1). The only remaining issue is whether Safeco has demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Under the Kentucky Rules of Civil Procedure, Rodriguez was not permitted to demand a specific sum in her complaint. CR 8.01(2). In the Complaint, however, Rodriguez claims injury to herself and her property from the collision, and "long-term financial uncertainty" and stress stemming from Safeco's denial of her UIM claim. (Compl. ¶¶ 6-7, 20). She asks for compensatory damages, prejudgment interest, attorneys' fees, litigation costs, and punitive damages. (Compl. ¶¶ 14, 21, 26, 30).

Rodriguez now attempts to "clarify" her claims by stipulating that she will not seek or accept more than $75,000 in damages and incorrectly asserting that she made no claim for punitive damages. (Pl.'s Mot. Remand Ex. 1, at 1, DN 10-1; Pl.'s Mot. Remand 4). She also points to her aggregated medical expenses, which total $16,082, as evidence that her claimed damages fall below the jurisdictional threshold. (Pl.'s Mot. Remand 4; Pl.'s Mot. Remand Ex. 2, at 1, DN 10-2). Rodriguez, however, cannot reduce her claims by post-removal stipulation. *Rogers*, 230 F.3d at 872 ("Because jurisdiction is determined as of the time of removal, events occurring after removal that reduce the amount in controversy do not oust jurisdiction. . . . [W]e hold that a post-removal stipulation reducing the amount in controversy to below the jurisdictional limit does not require remand to state court."). Similarly, Rodriguez's itemizations of her medical complaints are immaterial; at the time of removal, she had not pleaded any specific facts regarding her medical expenses. *See id.* at 871.

At the time of removal, Safeco established that the Policy has a coverage limit of $25,000 for bodily injury per person and $25,000 for property damage. (Notice Removal ¶ 4; Notice

Removal Ex. B, at 26, DN 1-3).[2] Considering this $50,000 coverage limit, plus any emotional or other damages caused by Safeco's denial and alleged violations of the law, compensatory damages could be considerable. Adding claims for litigation costs, attorneys' fees, interest, and punitive damages—which equate to multiples of the amount of compensatory damages—it is more probable than not that Rodriguez asks for relief upwards of $75,000. Sister courts have regularly held that similar cases easily pass the jurisdictional threshold. *E.g.*, *Uffman v. Allstate Prop. & Cas. Ins. Co.*, No. 5:23-CV-06-KKC, 2023 WL 2947427, at *2 (E.D. Ky. Apr. 14, 2023) ("The potential for these fees, coupled with the UIM claim, more than suggested that the total amount in controversy would exceed $75,000." (citations omitted)); *Sullivan v. Progressive Direct Ins. Co.*, No. CV 5:24-079-DCR, 2024 WL 2060855, at *4 (E.D. Ky. May 8, 2024) ("Considering Sullivan's claims for the $50,000 limit of her UIM policy, emotional damages, punitive damages, and attorney's fees, the Court finds that the amount in controversy easily exceeds $75,000, exclusive of interest and costs."); *Caperton*, 2022 WL 17813795, at *7 ("Here, the Court can safely take Plaintiff's $74,000 claim, double or triple it to account for punitive damages, and tack on an additional 30% for attorney fees. The result is a valuation well above the $75,000+ threshold."). One court found that establishing jurisdiction was particularly simple "considering that Plaintiff also sought punitive damages for Defendant[,]" just as Rodriguez has in this instance. *Hampton v. Safeco Ins. Co. of Am.*, No. 13-39-DLB, 2013 WL 1870434, at *1 (E.D. Ky. May 3, 2013) (citation omitted), *aff'd*, 614 F. App'x 321 (6th Cir. 2015); *Farmland Mut. Ins. Co. v. Johnson*, 36

---

[2] "If the complaint itself does not answer the question, the Court looks to the allegations in the notice of removal to see if it contains 'specific facts' supporting the amount in controversy." *Caperton v. State Auto Prop. & Cas. Ins. Co.*, No. 6:22-CV-101-CHB-HAI, 2022 WL 17813795, at *3 (E.D. Ky. July 5, 2022).

S.W.3d 368, 374, 383 (Ky. 2000), *as modified* (Feb. 22, 2001) (upholding an award of $71,013.47 in compensatory damages and $2 million in punitive damages for a violation of KUCSPA).

Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 and § 1441(b), and Rodriguez's motion to remand is denied.

### B. Motion to Dismiss

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, "courts must accept as true all material allegations of the complaint[] and must construe the complaint in favor of the complaining party." *Binno v. Am. Bar Ass'n*, 826 F.3d 338, 344 (6th Cir. 2016) (citation omitted). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A complaint will be dismissed pursuant to Rule 12(b)(6) if no law supports the claim made, if the facts alleged are insufficient to state a claim, or if the face of the complaint presents an insurmountable bar to relief." *Southfield Educ. Ass'n v. Southfield Bd. of Educ.*, 570 F. App'x 485, 487 (6th Cir. 2014) (citing *Twombly*, 550 U.S. at 561-64).

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and

exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citing *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)). Accordingly, the Court may consider the Policy attached to Safeco's motion to dismiss because Rodriguez references it, and the Policy is central to her claims. (Def.'s Mot. Dismiss Ex. A, DN 12-1). Moreover, "[a]lthough a court must accept all well-pled facts as true, if a document referenced in the complaint contradicts the allegations in the complaint, the document 'trumps the allegations.'" *Turnage v. Oldham*, 346 F. Supp. 3d 1141, 1152 (W.D. Tenn. 2018) (quoting *Williams v. CitiMortgage, Inc.*, 498 F. App'x 532, 536 (6th Cir. 2012)).

                1.     *Underinsured Motorist Coverage*

Rodriguez alleges that the Policy covers losses caused by underinsured motorists. (Compl. ¶¶ 9, 29). "The determination whether coverage exists begins with interpreting the relevant insurance contract." *ISCO Indus., Inc. v. Fed. Ins. Co.*, 587 F. Supp. 3d 558, 568 (W.D. Ky. 2022) (citing *Stone v. Ky. Farm Bureau Mut. Ins. Co.*, 34 S.W.3d 809, 810-11 (Ky. App. 2000)). "The primary object in construing a contract . . . is to effectuate the intentions of the parties." *Cantrell Supply, Inc. v. Liberty Mut. Ins. Co.*, 94 S.W.3d 381, 384 (Ky. App. 2002) (citations omitted). The intentions of the parties are discerned from the four corners of the contract. *Id.* at 385 (citations omitted). When there is an absence of any ambiguities, the terms are enforced as written. *McMullin v. McMullin*, 338 S.W.3d 315, 320 (Ky. App. 2011) (citing *Whitlow v. Whitlow*, 267 S.W.2d 739, 740 (Ky. 1954)).

The Policy does not include UIM coverage.[3]  UIM coverage is not listed on the Policy's declaration page and no limits or premiums are given for UIM coverage.  (Def.'s Mot. Dismiss Ex. A, at 15-20, 30); *see Allstate Ins. Co. v. Smith*, 487 S.W.3d 857, 863 (Ky. 2016) ("In any event, Smith's policy was explicit that UIM coverage was not provided.  The coverage was not listed on the declarations page, and the policy was clear that any coverage not appearing on the declarations page was not provided.  And Smith never paid a premium for UIM coverage.").  Kentucky law does not require insurers to provide UIM coverage.  *Id.* at 860 ("It is important to keep in mind the optional nature of UIM coverage.  Unlike other types of automobile coverage, insurers are required only 'to make [UIM] available *upon request* [by their] insureds.'  In the end, the responsibility of examining the policy and purchasing UIM coverage lies with the policyholder—if a policyholder does not ask for UIM coverage, the insurer is not required to offer it." (alterations in original) (footnotes omitted)).  Because the Court "cannot give the [P]laintiff[] coverage [she] never bought and paid for[,]" Rodriguez's UIM claim is dismissed.  *Roy v. State Farm Mut. Auto. Ins. Co.*, 954 F.2d 392, 399 (6th Cir. 1992).

   2. *Insurance Fraud*

Rodriguez claims that Safeco violated KRS 304.47-020 by "committing a fraudulent insurance act . . . by knowingly and with intent to defraud or deceive, removing the Plaintiff's underinsured motorist policy."  (Compl. ¶¶ 12-13).  KRS 304.47-020, however, only applies to certain enumerated fraudulent acts, none of which Rodriguez alleges occurred here.  *See* KRS 304.47-020(1)(a)-(g).  Accordingly, her insurance fraud claim is dismissed.

---

[3] Safeco notes that Rodriguez was not a named insured at the time of the accident, and states that Rodriguez claimed coverage under the Policy as a "permissive driver."  (Def.'s Mot. Dismiss 1, 3).  Even assuming Rodriguez is covered by the Policy, her claims still fail, so the Court will not address this issue.

### 3. *Fraud*

Rodriguez avers that Safeco made intentional, material, and false representations "and/or intentionally withheld information from Plaintiff regarding her insurance policy." (Compl., ¶¶ 23-24). Specifically, she alleges that "Safeco fraudulently removed Plaintiff's underinsured motorist policy without Plaintiff's knowledge." (Compl. ¶ 25). When a plaintiff alleges fraud, they "must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b). "At a minimum, the Sixth Circuit requires the allegations to contain the time, place, and content of the alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendant[]; and the injury resulting from the fraud." *Bosch v. Bayer Healthcare Pharms., Inc.*, 13 F. Supp. 3d 730, 735 (W.D. Ky. 2014) (alternation in original) (internal quotation marks omitted) (quoting *Our Lady of Bellefonte Hosp., Inc. v. Tri–State Physicians Network, Inc.*, 2007 WL 2903231, at *6 (E.D. Ky. Sept. 27, 2007)). "Generalized and conclusory allegations that the Defendant['s] conduct was fraudulent do not satisfy Rule 9(b)." *Id.* (alteration in original) (quoting *Bovee v. Coopers & Lybrand C.P.A.*, 272 F.3d 356, 361 (6th Cir. 2001)). Rodriguez's sparse, conclusory allegations plainly do not satisfy the heightened pleading requirements of Fed. R. Civ. P. 9(b), so her fraud claim is dismissed. (Compl. ¶¶ 22-26).

### 4. *KUCSPA*

Rodriguez alleges that Safeco's actions surrounding its denial of her UIM claim violated the KUCSPA. (Compl. ¶¶ 15-21). To establish a claim under the KUCSPA, a plaintiff must prove that:

(1) the insurer was obligated to pay the claim under the policy;
(2) the insurer lacked a reasonable factual or legal basis for denying the claim; and
(3) the insurer knew there was no reasonable basis for the denial or acted with reckless disregard for whether such a basis existed.

*Mobley v. Progressive Direct Ins. Co.*, 686 F. Supp. 3d 570, 574 (E.D. Ky. 2023) (citing *Wittmer v. Jones*, 864 S.W.2d 885, 890 (Ky. 1993)).  As discussed above Rodriguez did not have UIM coverage, so she cannot establish that Safeco was obligated to pay the claim under the Policy.  Because she pleaded no facts making even the first element of a KUCSPA claim plausible, her claim is dismissed.

### III.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's Motion to Remand (DN 10) is **DENIED**.

2. Defendant's Motion to Dismiss (DN 12) is **GRANTED**, and the Complaint (DN 1-2) is **DISMISSED WITHOUT PREJUDICE**.

3. The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

September 29, 2025

cc:    counsel of record